9/2/2015**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BUCHER AND CHRISTIAN CONSULTING, INC., d/b/a BC*FORWARD*, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00010-TWP-MJD |
| | ) | |
| NOVITEX ENTERPRISE SOLUTIONS, INC. f/k/a PITNEY BOWES MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Novitex Enterprise Solutions, Inc.'s ("Novitex") Motion to Dismiss (Filing No. 12). Plaintiff Bucher and Christian Consulting, Inc., d/b/a BC*forward* ("BC*forward*") initiated this lawsuit against Novitex on January 5, 2015, asserting claims of third party beneficiary breach of contract, unjust enrichment, and intentional misrepresentation in relation to a contract between Novitex and the State of Indiana. Novitex moved to dismiss the action based on a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because of legal deficiencies in the claims and because the statutes of limitations had tolled. The Court referred the Motion to Dismiss to the Magistrate Judge for a report and recommendation. On May 22, 2015, Magistrate Judge Mark J. Dinsmore issued a Report and Recommendation, recommending that the Motion to Dismiss be granted (Filing No. 33).

As an initial matter, a district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended

disposition, including any proposed findings of fact.  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it."  *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  After a magistrate judge makes a report and recommendation, either party may object within fourteen days.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.* If a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, he waives appellate review of the issues to which he has not objected.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Plaintiff BC*forward* timely filed its Objection to the Report and Recommendation (Filing No. 36).  For the most part, BC*forward* reargues its assertions and allegations in its Complaint and Response in opposition to the Motion to Dismiss.  Specifically, BC*forward* submits that it is plausible that it will be determined that BC*forward* was a third party beneficiary to the contract between Novitex and the State of Indiana, and that Novitex is liable to it for breach of contract by not using BC*forward* as a subcontractor.  Novitex responded to BC*forward*'s Objection (Filing No. 37), asserting that an objection to a report and recommendation is not a vehicle to reargue the initial motion or to assert new arguments.  With this argument, the Court agrees.  The Court finds no error of law or fact in the Magistrate Judge's well-reasoned, 32-page Report and Recommendation.  The Magistrate Judge thoroughly and correctly analyzed each of the claims:

third party beneficiary breach of contract, unjust enrichment, and intentional misrepresentation. However, the Court finds that the dismissal of BC*forward's* claim for third party beneficiary breach of contract should be **without prejudice**.

When a motion to dismiss is granted it is the norm to permit the filing of an amended complaint. *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) ("[a] plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss."); *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) ("[a] plaintiff is entitled to amend the complaint once as a matter of right, Fed.R.Civ.P. 15(a), and a court should 'freely give leave [to file an amended complaint] when justice so requires.' Fed.R.Civ.P. 15(a)(2)."); *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008) ("[a]n order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right.")).  District courts, nevertheless, "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir.2008).

Here, the circumstances do not warrant dismissal with prejudice on the third party breach of contract claim as BC*forward* has not yet had an opportunity to amend its complaint.  More importantly, BC*forward* has provided a meaningful indication of how a proposed amendment might cure the deficiency in the prior complaint.  BC*forward* has offered that if allowed to proceed, it "will continue its investigation into whether after winning the prime contract, Novitex, never intended to utilize the locally-owned subcontractors, replaced certain locally-owned MBE/WBE subcontractors with national subcontractors, with whom Novitex has an ongoing relationship and

replaced other locally-owned MBE/WBE subcontractors with in-house staff." (Filing No. 36 p. 24). As such, BC*forward* could conceivably improve upon its third party breach of contract claim.

The Court **OVERRULES** BC*forward*'s Objection with respect to all matters except the Court finds that BC*forward*'s claim for third party breach of contract shall be **dismissed without prejudice**. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 33) with one **MODIFICATION**. The Court **GRANTS** Novitex's Motion to Dismiss (Filing No. 12), with prejudice as to all claims except the claim in Count I, Third Party Beneficiary Breach of Contract, which shall be **dismissed without prejudice**. BC*forward* shall have fourteen (14) days from the date of this Entry to amend its Complaint or request leave to engage in limited discovery.

**SO ORDERED.**

Date: 9/3/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP
dtittle@bgdlegal.com

Gregory A. Neibarger
BINGHAM GREENEBAUM DOLL LLP
gneibarger@bgdlegal.com

David J. Bodle
HACKMAN HULETT LLP
dbodle@hhlaw-in.com

Anthony Seaton Ridolfo, Jr.
HACKMAN HULETT LLP
aridolfo@hhlaw-in.com